**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| JOSHUA ISAIAH MONEY, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:24-cv-163-CDL-AGH |
| Officer WEST, *et al.*, | : | |
| Defendants. | : | |

## **REPORT & RECOMMENDATION**

Plaintiff Joshua Money, an inmate previously incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a *pro se* complaint under 42 U.S.C. § 1983. Compl. 1, ECF No. 1. Defendants moved to dismiss the claims against them. Defs.' MTD, ECF No. 18. It is recommended that Defendants' motion be granted and that Plaintiff's official capacity Eighth Amendment claims and state law claims be dismissed. Plaintiff's Eighth Amendment claims against Defendants in their individual capacities shall proceed.

## **BACKGROUND**

The Court received Plaintiff's complaint on November 6, 2024. Compl. 6. Plaintiff alleged that CERT Officers Lewis, West, and Jackson assaulted Plaintiff on November 16, 2022, while he was incarcerated at Rutledge State Prison in Columbus, Georgia. *Id.* at 5-10. After preliminary review of Plaintiff's complaint, the Court allowed his Eighth Amendment excessive force claims and his state law tort claims

against Defendants West, Lewis, and Jackson to proceed for further factual development while his claims against other defendants were dismissed without prejudice. Order & R. 17, July 2, 2025, ECF No. 10. Defendants filed a motion to dismiss on October 3, 2025 (ECF No. 18). Despite being notified of his right to respond to Defendants' motion and being granted an extension of time, Plaintiff did not do respond. Order, Oct. 7, 2025, ECF No. 19; Text-Only Order, Dec. 1, 2025, ECF No. 23. Defendants' motion is ripe for review.

## DISCUSSION

Defendants move to dismiss Plaintiff's Eighth Amendment claims against them in their official capacities, arguing that these claims are barred by the Eleventh Amendment and 42 U.S.C. § 1983. Defs.' Mot. Dismiss ("Defs.' MTD") 1-2. Defendants also argue that Plaintiff's state law claims should be dismissed because Defendants are entitled to sovereign immunity. *Id.* at 3-7. For the reasons stated below, the Court agrees and recommends that Defendants' motion be granted, and Plaintiff's official capacity Eighth Amendment claims and state law claims be dismissed.

### I. Plaintiff's Claims Against Defendants in their Official Capacities are barred by Eleventh Amendment Immunity

Defendants contend that Plaintiff's claims against them in their official capacities should be dismissed because they are immune from suit pursuant to the Eleventh Amendment. Defs.' MTD 1-2. Defendants are employees of Rutledge State Prison; thus, as Plaintiff acknowledges, they are employees of the Georgia

Department of Corrections ("GDOC"). Compl. 5. GDOC employees are entitled to Eleventh Amendment immunity for claims brought against them in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Id.* Therefore, Eleventh Amendment immunity bars suit.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. at 71. Plaintiff's claims against Defendants in their official capacities should therefore be dismissed. *See, e.g.*, *Williams v. Woodson*, No. 5:15-cv-372-LJA-MSH, 2016 WL 4539660, at *7 (M.D. Ga. Aug. 30, 2016) (recommending dismissal of claims against GDOC employees in their official capacities based on Eleventh

Amendment immunity), *recommendation adopted* 2016 WL 11658951 (M.D. Ga. Sept. 26, 2016).

## II. Plaintiff's State Law Tort Claims Against Defendants are Barred by the GTCA, Sovereign Immunity, and Eleventh Amendment Immunity

Plaintiff also brings state law claims for negligence, breach of duties, assault and battery, and intentional infliction of emotional distress. Compl. 12. Defendants argue that these claims are barred by the Georgia Tort Claims Act ("GTCA"), sovereign immunity, and Eleventh Amendment immunity. Defs.' MTD 3-4. The Court agrees.

The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). Pursuant to the GTCA, a "state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." *Id.* "An employee or officer is acting within his 'scope of employment' when he is 'performing the regular duties of [his] employment, during [his] regular hours of employment, [and] at [his] regular site of employment.'" *Harris-Evans v. Lockett*, No. 5:21-cv-331 (MTT), 2022 WL 17417984, at *6 (M.D. Ga. Dec. 5, 2022) (citing *Shekhawat v. Jones*, 293 Ga. 468, 474, 746 S.E.2d 89, 93 (Ga. 2013)) (alterations original). "Immunity under the GTCA even applies when the officer or employee is accused of committing torts that are 'intentional or malicious.'" *Id.* (citing *Ridley v. Johns*, 274 Ga. 241, 242, 552 S.E.2d 853, 854 (Ga. 2001)). And the "GTCA applies to actions against state employees in their official and individual capacities; merely styling a suit against a public officer as one brought against [them] personally does not deprive [them] of any immunity to

which [they] might otherwise be entitled to under the GTCA." *Smith v. Hatcher*, 516 F. Supp. 3d 1369, 1377 n.7 (S.D. Ga. 2021) (citing O.C.G.A. § 50-21-25(a); *Stephens v. Coan*, 349 Ga. App. 147, 149-53, 825 S.E.2d 525, 527-30 (Ga. Ct. App. 2019)).

As discussed above, Defendants were GDOC state employees acting in the scope of their employment at the time of the alleged incidents, so immunity under the GTCA attaches in this circumstance and bars Plaintiff's claims. *Harris-Evans*, 2022 WL 17417984, at *6 ("[The] officers were still acting within their 'scope of employment' with the GD[O]C when the alleged use of force incident occurred, and thus, the GTCA shields the . . . officers from being sued in an individual capacity for the assault and battery claims asserted here.").

Because Defendants are immune from suit in their individual capacities, Plaintiff's state law claims must proceed against the GDOC, the state governmental entity that employed Defendants. Tort claimants must "name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b). However, even if Plaintiff substituted GDOC in place of Defendants, Plaintiff's claims would still fail because Plaintiff's state law claims are also barred by sovereign immunity. The Georgia Constitution preserves the State's sovereign immunity from suit unless that immunity is waived by an Act of the Georgia General Assembly. Ga. Const. art I, § 2, ¶ IX (e). The GTCA "waives Georgia's sovereign immunity for torts of state officers and employees [committed] while acting within the scope of their official duties or employment." *Bryant v. Harris Cnty., Ga.*, No.

4:18-CV-106 (CDL), 2018 WL 5316359, at *10 (M.D. Ga. Oct. 26, 2018) (citing O.C.G.A. § 50-21-23(a)). However, this waiver is limited "only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23(b); *see also Harris-Evans*, 2022 WL 17417984, at *7. And, as discussed above, the Eleventh Amendment prevents Plaintiff from suing the GDOC in federal court without the state's consent. *Ferguson,* 428 F. Supp. 2d at 1352. Therefore, Plaintiff's claims are barred by both sovereign and Eleventh Amendment immunity, and these claims should be dismissed.

## CONCLUSION

For these reasons, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and Plaintiff's official capacity Eighth Amendment and state law claims be dismissed. Plaintiff's Eighth Amendment Claim against Defendants in their individual capacities shall proceed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to

challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 27th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE